UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIQUE ANDREWS,
   **Plaintiff,**

v.

WILLIAMS CONSTRUCTION
COMPANY, LLC.,
   **Defendant.**

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff alleges that Defendant violated the FLSA by failing to pay Plaintiff overtime wages for all overtime hours worked by Plaintiff for Defendant. In support of his Complaint, Plaintiff states as follows:

Parties

1. Plaintiff is a resident of Polk County, Florida.

2. Defendant is a general construction company providing residential and commercial construction services in Polk County, Florida.

3. Plaintiff was employed by Defendant as a Marketing Administrator from May 28, 2024, until August 28, 2025.

## Jurisdiction

4. Defendant is a general construction company operating in Polk County, Florida.

5. Defendant employed Plaintiff as a Marketing Administrator in Polk County, Florida.

6. All events giving rise to this action occurred in Polk, Florida.

7. Plaintiff brings this action pursuant to the FLSA.

8. This Court has federal question jurisdiction over Plaintiff's FLSA claim.

## Facts

9. Plaintiff was employed by Defendant as a Marketing Administrator.

10. Plaintiff was misclassified by Defendant as an exempt employee and was therefore denied overtime compensation to which she was entitled under the FLSA.

11. Plaintiff's primary duties consisted of marketing and procurement, which mostly involved paperwork, and were therefore administrative rather than managerial.

12. Plaintiff did not hire or fire employees, make decisions for the marketing department, nor supervise or manage anyone.

13. In reality, Plaintiff's job duties and compensation did not meet the criteria for exemption, and she should have been classified as a non-exempt employee.

14. Plaintiff was paid a fixed weekly salary of $750, later increased to $800.

15. Plaintiff regularly worked more than 40 hours per week, including weekends.

16. Plaintiff worked 12 Saturdays at 12 hours each and 2 Sundays at 4 hours each.

17. Plaintiff also worked 3 additional hours for training.

18. Defendant failed to pay Plaintiff overtime for approximately 163 hours of work.

19. Defendant's misclassification of Plaintiff as exempt was improper.

20. Plaintiff is entitled to overtime pay under the FLSA for hours worked over 40 per week.

21. During her employment, Plaintiff often worked more than 40 hours per week, but was not paid overtime wages for those hours over 40.

22. Defendant did not pay Plaintiff overtime wages for all hours worked beyond 40 in a single workweek during her employment with Defendant.

23. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Polk County, Florida.

24. During her employment, Plaintiff worked more than 40 hours per week on a regular basis.

25. However, Plaintiff was not paid at least one-and-one-half times her regular rate for all overtime hours she worked.

26. By Plaintiff's calculation, she has not been paid for 163 overtime hours during her employment with Defendant.

27. Plaintiff desired to be paid overtime wages for all hours worked beyond 40 in a single workweek.

28. Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work more than 40 hours per week and did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff.

29. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all overtime hours worked while employed by Defendant in an effort to extract work from Plaintiff without

compensating Plaintiff for the work provided. Essentially, Defendant engaged in involuntary servitude.

30. As of this filing, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

31. Plaintiff seeks full compensation, including unpaid overtime wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff overtime wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

32. Defendant is a for-profit corporation that operates and conducts business in, among others, Polk County, Florida, and is therefore, within the jurisdiction of the Court.

33. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

34. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Polk County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

35. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the general construction industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce. Specifically, orders and receives goods and materials (including construction materials and equipment) that originate out of state and are sold to in-state customers.

36. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

37. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even

greater specificity regarding the precise number of hours worked by Plaintiff during each week of her employment.

38. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I
## UNPAID OVERTIME WAGES UNDER FLSA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38, above.

40. Plaintiff was employed by Defendant as a Marketing Administrator from May 28, 2024, until August 28, 2025.

41. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

42. Plaintiff was misclassified by Defendant as an exempt employee and was therefore denied overtime compensation to which she was entitled under the FLSA.

43. In reality, Plaintiff's job duties and compensation did not meet the criteria for exemption, and she should have been classified as a non-exempt employee.

44. Plaintiff was paid a fixed weekly salary of $750, later increased to $800.

45. Plaintiff regularly worked more than 40 hours per week, including weekends.

46. Plaintiff worked 12 Saturdays at 12 hours each and 2 Sundays at 4 hours each.

47. Plaintiff also worked 3 additional hours for training.

48. Defendant failed to pay Plaintiff overtime for approximately 163 hours of work.

49. Plaintiff was entitled to receive one-and-one-half times his regular wage for all hours worked beyond 40 in a single workweek.

50. Plaintiff often worked over 40 hours per week, but was not compensated at one-and-a-half times her regular rate of pay for hours worked beyond 40 per week.

51. During Plaintiff's employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek.

52. Defendant did not pay Plaintiff one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

53. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff overtime wages for all hours worked by Plaintiff for Defendant.

54. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid overtime wages, liquidated damages, attorney's fees, and costs.

55. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid wages, liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this November 26, 2025.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com