UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:25-CV-03269-MSS-NHA

MONIQUE ANDREWS

      Plaintiff,

vs.

WILLIAMS CONSTRUCTION
COMPANY, LLC.

      Defendant.

_____/

**DEFENDANT, WILLIAMS CONSTRUCTION COMPANY, LLC'S
MOTION TO SET ASIDE CLERK'S DEFAULT AND
REQUEST FOR EXTENSION OF TIME TO ALLOW DEFENDANT TO
FILE ANSWER TO PLAINTIFF'S COMPLAINT OUT OF TIME**

Defendant, WILLIAMS CONSTRUCTION COMPANY, LLC., (hereinafter referred to as "Defendant" or "WILLIAMS"), by and through undersigned counsel, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure respectfully files this Motion to Set Aside Clerk's Default and to Allow it to file its Answer out of Time, as follows:

    1.    At all material times, Defendant was represented by Daniel A. Fox, Esq.

    2.    Defendant acknowledges corporate service in the instant action on December 9, 2025.

3. On December 12th, 21st, and 23rd, 2025, Steve Williams, as managing member and authorized representative of Defendant, attempted to communicate with Mr. Kyle J. Lee, Esq., counsel for Plaintiff, to discuss the allegations raised in the Complaint as well as the possibility of settlement.

4. On or about December 23, 2025, the parties reached a settlement agreement and Attorney Fox commenced preparation of the Settlement Agreement.

5. On December 30, 2025, Attorney Fox emailed Plaintiff's counsel confirming he was drafting the Settlement Agreement and asked, "*In the interim, please confirm that you are in agreement to forego moving for a default*".

6. Defendant had been in communication with both Plaintiff's counsel and Daniel A. Fox, Esq., and it was Defendant's understanding that the matter was resolved in its entirety and that the terms were being memorialized in a Settlement Agreement which was being handled by Attorney Fox.

7. Any additional pleadings that were received by Defendant were promptly forwarded to Attorney Fox.

8. On March 10, 2026, Defendant received a copy of *Plaintiff's Motion for Clerk's Entry of Final Default Judgment Pursuant to Rule 55 (B)(1)* filed on March 3, 2026.

9. Defendant provided a copy of *Plaintiff's Motion* to Attorney Fox by electronic mail and made multiple attempts to reach him by telephone but did not receive a response.

10. On March 12, 2026, the undersigned was retained to represent Defendant in the instant action.

11. On March 12, 2026, the undersigned reached out to Plaintiff's counsel by telephone to request a telephone conference to discuss the Clerk's Default and overdue answer.

12. Defendant is requesting a ten (10) day extension of time to file its Answer and Affirmative Defenses.

13. Defendant has meritorious defenses. Thus, this Motion respectfully requests the Court Set Aside the Clerk's Default that was filed due to Defendant's previous counsel failing to respond for the reasons stated herein.

14. Defendant's failure to timely answer or respond to earlier filings by the Plaintiff was due to mistake, inadvertence, surprise, or excusable neglect within the meaning of Fed. R. Civ. P. 60(b)(1) or for other reason that justifies relief within the meaning of Fed. R. Civ. P. 60(b)(6) and, therefore, Defendant respectfully moves that the Motion to Set Aside be Granted and that Defendant be allowed to litigate its meritorious defenses.

### DEFENDANT'S LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Middle District Local Rule 3.01(g), Defendant's undersigned

counsel certifies that he has attempted to confer with Plaintiff's counsel, Kyle Lee, Esq., via telephone whereby Mr. Lee's office stated that he was not available.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 60(b) provides that the Court may relieve a party from a final judgment upon motion and just terms for: (1) "mistake, inadvertence, surprise, or excusable neglect" and for: (6) "any other reason that justifies relief." Defendant here seeks relief under all of the above rules as the Clerk's Entry of Default.

It often has been stated that a default judgment is a "drastic remedy" that should only be granted in "extreme situations." *See, e.g., Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977)[1] (granting motion to set aside default judgment where misunderstanding arose about who was to obtain counsel). This is because a preference exists for cases to be heard on the merits and Rule 55(b) is an embodiment of this preference. *See, e.g., H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (notice requirement in Rule 55(b) is "a device intended to protect

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), all decisions of the former 5th Circuit were adopted as binding precedent in the 11th Circuit.

those parties who, although delaying in a formal sense by failing to file pleadings within [the required time period], have otherwise indicated to the moving party a clear purpose to defend the suit.").

Courts in this Circuit have looked to various factors in determining whether a sufficient basis exists for setting aside a default judgment under Fed. R. Civ. P. 60(b)(1), including that: "(1) it [the defaulting party] had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *See, e.g., In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citations and quotations omitted). The existence of Rules 55 and 60 assume that something will not go according to plan on occasion and the intent of these Rules is "to assure a party claiming in good faith to have a good and substantial defense to an action against it, an opportunity to be heard; and the trial courts should exercise the powers vested by them liberally in order to achieve this result." *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491, 492 (S.D. Tex. 1961).

Defendant has meritorious defenses to the Plaintiff's claim. While it is important to require some evidence that setting aside a default will not cause delay for the sake of delay where the defendant has no real defenses, it has not been required that the Defendant has to prove its defenses on a Motion to Set Aside in order to prevail on the motion. For example, in *Premier Gaming*

*Trailers, LLC v. Luna Diversified Enterprises, Inc.*, 2017 WL 1251585 (M.D. Fla. 2017), the Court granted Defendant's Motion to Set Aside Default Judgment, stating:

> Here, the Court finds that vacating the default judgment is warranted. Luna has filed its answer, which contains defenses that might affect the outcome of this action, there is no prejudice to Premier Gaming as the delay produced by Luna's default is relatively small, Luna presented a sufficient reason for why it failed to respond in a timely fashion, and there is no evidence that Luna acted in bad faith or delayed in seeking to vacate the default judgment.

Id. at *1. Defendant here requests the same opportunity to litigate the issue of liability, which has been contested since before the Complaint was filed.

With regard to prejudice, as Judge Merryday noted in *Leaderstat, LLC v. Abisellan*, 252 F.R.D. 698, 700 (M.D. Fla. 2007), the fact of "additional delay and expense . . . [will] necessarily accompany any (and every) vacating of an entry of default." Thus, the focus should be on whether *undue* hardship or prejudice will result. Here, no default would have occurred and the proceedings to set it aside could have been avoided if Plaintiff's counsel had given notice to Attorney Fox of the lawsuit or motion for entry of default. Instead, it appears that Plaintiff's counsel opted to fly under the radar in the hope that his action would not be detected. That his gambit succeeded, at least for a time, should not result in the Defendant losing its right to contest a claim that—pretrial—Plaintiff's counsel knew to be contested.

Moreover, Defendant has not delayed unnecessarily in responding to the

default. Defendant was not aware that a default had been taken until at least March 12, 2026, and Defendant's undersigned counsel has prepared this Motion as soon as reasonably practical given his existing workload. Although it is an outer limit, Rule 60(b) generally allows relief within a reasonable time not to exceed one year. Motions to Set Aside have been granted when the delay between the notice of the default and filing of the motion have been greater than the two weeks present in this case. *See, e.g., Leaderstat* (motion granted where filed within 21 days in case involving only a Clerk's entry of default); *France v. Riviera-Homes* (motion granted with respect to default judgment where filed almost a month after Defendant's manager learned that the complaint had been served on the registered agent a year earlier and default judgment entered 4 months prior); *Premier Gaming Trailers* (motion to set aside filed approximately one month after default judgment was entered against Defendant).

With regard to the "good reason" prong of the Rule 60(b) standard, as noted above, Defendant's counsel did not have notice at any time before March 12, 2026 that the Complaint had been served on Defendant or its registered agent. The miscommunication and lack of response that occurred between Defendant, Plaintiff's Counsel, and Attorney Fox, regarding filing and service of the Complaint meets the broad definition of "mistake, inadvertence, surprise, or excusable neglect" in Rule 60(b)(1). Defendant, who knew that Attorney Fox

7

had been in contact with Plaintiff's counsel on several occasions prior to suit having been filed, reasonably could have expected—just based on common courtesy and good faith--that Plaintiff's counsel would have contacted Attorney Fox prior to obtaining a default.

Courts have found excusable neglect to exist in circumstances roughly similar to those in this case. *See, e.g., Charlton L. Davis & Co.* (plaintiff obtained default after receiving phone call and letter from Defendant's counsel stating an intent to defend and requesting an extension of time to answer but without giving notice to Defendant's counsel); *H.F. Livermore Corp.* (plaintiff obtained default after correspondence and telephone call without service of the motion on either the Defendant or its counsel because he did not want to "stimulate activity" on their part); *France v. Riviera-Homes* (default set aside where plaintiff obtained judgment on wrong contract and employee negligence led to summons and complaint not being delivered to manager in charge).

Plaintiff's counsel was aware that Defendant opposed his client's claim and intended to defend on the merits. It is unknown if Plaintiff's Counsel communicated with Attorney Fox before seeking the Clerk's Default. At all material times, Defendant believed its interest was being preserved. If Attorney Fox failed or ceased all communications with Plaintiff's Counsel, it is possible Plaintiff took advantage of the lack of communication seeking the default without referencing prior communications with Defendant or Attorney

Fox. Unfortunately, things sometimes go wrong, wires get crossed and information is not communicated in a timely manner. Defendant did not intentionally evade the claim or fail to protect its rights out of willful conduct. Instead, it simply believed a settlement had been reached and that its previous counsel was protecting its interest. Defendant took immediate action once it learned its previous counsel had not filed a responsive pleading. Plaintiff will not be unduly prejudiced by having to prove her claim in court as she should have expected at the outset, but Defendant will be greatly prejudiced if not allowed to litigate its meritorious defenses.

WHEREFORE, based on the foregoing, Defendant Williams Construction Company, LLC respectfully requests this Court grant its Motion to Set Aside Clerk's Entry of Default in this matter, and provide Defendant with a ten (10) day extension of time to file its Answer and Affirmative Defenses.

Dated: March 12th, 2026

THE LAW OFFICE OF RICHARD A. LOPEZ, P.A.
933 S. FLORIDA AVENUE
LAKELAND, FLORIDA 33803
TELEPHONE: (863)333-0777
FAX NO. (863) 533-0557
E-MAIL: office@richlopezlaw.com
ATTORNEY FOR PLAINTIFF

BY:_____
RICHARD A. LOPEZ, ESQ.
FLORIDA BAR NO. 0052298

## CERTIFICATE OF SERVICE

I, Richard A. Lopez, Esq., HEREBY CERTIFY that on this 12th day of March 2026, a true copy of the foregoing has been filed electronically using the Court's E filing portal, with the same have been served by E-Mail to: Kyle Lee, Esq. at Kyle@kyleleelaw.com.

_____
RICHARD A. LOPEZ, ESQ.